UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SEBASTIAN HANKS III,<br><br>Defendant. | Case No. 1:23-cr-00130-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant David Sebastian Hanks III's Motion in Limine: Objection to Government's Notice of Intent to Present Evidence Pursuant to Federal Rules of Evidence 404(b). (Dkt. 59). The motion requests that the Court bar the Government from presenting evidence of non-pornographic images allegedly found on computing devices Mr. Hanks owned. The Government opposes the motion. (Dkt. 64). For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

The indictment in this case charges Mr. Hanks with two counts of sexual exploitation of a minor child and one count of possession of child pornography. In short, the Government alleges Mr. Hanks sexually exploited two prepubescent girls, "Minor Victim 1" and "Minor Victim 2," by taking sexually explicit photos of the girls while babysitting them. (Dkt. 63 at pp. 8-9). The Government also alleges Mr. Hanks possessed numerous images of child pornography, including sexually explicit images of Minor Victim 1 and Minor Victim 2. (*Id.*). Mr. Hanks has pleaded not guilty to the charges, and a jury trial is scheduled for July 29, 2024.

In preparation for trial, the Government filed a notice of its intent to present evidence pursuant to Federal Rule of Evidence 404(b). (Dkt. 40). Specifically, the notice provides the

MEMORANDUM DECISION AND ORDER - 1

Government intends to present evidence of (1) "child erotica images" and (2) "child erotica stories" allegedly located on computing devices Mr. Hanks owned. (*Id.* at p. 2). With respect to the images, the Government indicates it intends to elicit testimony that "73 child erotica images" were located on Mr. Hanks's tablet computing device and "129 child erotica images" were located on his cell phone. (*Id.*). The Government also intends to introduce two exhibits, Exhibits 1033 and 1049, which are "thumbnails of the child erotica images." (*Id.* at p. 3). The Government represents none of these images constitute child pornography under federal law.

Although the images are not in the record, the Government provided the two exhibits containing the thumbnail images for the Court to review *in camera*. Exhibit 1033 contains 109 thumbnail images over four pages, and Exhibit 1049 contains 59 thumbnail images on one page. The images in both exhibits are exclusively of minor girls. Some images appear to be erotic in nature; for example, several images show little girls in sexually suggestive positions or focus on the girls' genitalia. Other images, however, do not share these qualities and do not appear, at least in the Court's view, to be overtly sexual.

In response to the Government's notice, Mr. Hanks has moved in limine to exclude the two exhibits containing non-pornographic images of minor girls, arguing the images are inadmissible under Rules 404 and 403 of the Federal Rules of Evidence. (Dkt. 59).[1]

## II. LEGAL STANDARD

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

---

[1] The motion in limine does not challenge the admissibility of the erotic stories or any related testimony.

**MEMORANDUM DECISION AND ORDER - 2**

A motion in limine should not be used, however, to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Further, rulings on motions in limine are provisional and are "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). As such, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *City of Pomona*, 866 F.3d at 1070; *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

### III.  ANALYSIS

Rule 404(b) of the Federal Rules of Evidence prohibits evidence of "any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). In other words, Rule 404(b) "renders inadmissible evidence of a person's general character if used to show propensity or proclivity." *See United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). Although other-act evidence is not admissible to prove a defendant's character, it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed R. Evid. 404(b)(2).

For other-act evidence to be admissible for a non-character purpose, the evidence must satisfy the following criteria: (1) the evidence must tend to prove a material issue in the case, (2) the acts must be similar to the offense charged, (3) proof of the other acts must be based upon sufficient evidence, and (4) the acts must not be too remote in time. *See United States v. Cox*, 963 F.3d 915, 924 (9th Cir. 2020) (citation omitted); *United States v. Fuchs*, 218 F.3d 957, 965 (9th Cir. 2000). The Government has the burden of meeting these requirements. *Cox*, 963 F.3d at 924 (citation omitted). Additionally, evidence admissible under Rule 404(b)(2) is still subject to exclusion under Rule 403 if its probative value is substantially outweighed by the danger of unfair

**MEMORANDUM DECISION AND ORDER - 3**

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir. 1998).

Here, Mr. Hanks objects to the admission of Exhibits 1033 and 1049, arguing the images are inadmissible evidence of other acts because they do not depict child pornography and because the Government cannot show when the images were created. In response, the Government argues that, even assuming the images constitute other acts,[2] they nevertheless satisfy the criteria for admissibility under Rule 404(b)(2) and are not unduly prejudicial. The Court agrees with the Government.

First, the images tend to prove a material issue in the case. Namely, the images are probative of Mr. Hanks's intent, knowledge, and motive and prove the alleged child pornography was not located on his computing devices by mistake. Indeed, it is "not merely a propensity argument" to suggest that "someone who downloads child erotica is more likely to recognize child pornography and not download it by mistake." *United States v. Alford*, 744 F. App'x 650, 654 (11th Cir. 2018); *see also United States v. Fechner*, 952 F.3d 954, 961 (8th Cir. 2020) (reasoning that the presence of "child erotica images" is "relevant to establish a motive for possessing child pornography and rebut claims of accident or mistake"); *Curtin*, 489 F.3d at 950 (reasoning that defendant's possession of child sex stories was probative of his intent). Even if some of the thumbnail images are not erotic or sexual in nature, the sheer quantity of images of young girls on

---

[2] In its initial notice, the Government briefly suggests the non-pornographic images of minor girls are "inextricably intertwined" with the conduct underlying the charged offenses and, therefore, not other acts. (Dkt. 40 at p. 3). The Government, however, did not provide any argument or authority to support this position either in its initial notice or in its response memorandum. Instead, out of an abundance of caution, the Government only provided argument for its contention the images are admissible under Rule 404(b)(2). Consequently, the Court does not rule on whether the images are inextricably intertwined with the charged conduct.

**MEMORANDUM DECISION AND ORDER - 4**

Mr. Hanks's two devices, by itself, makes it less likely that any child pornography was present on the devices by mistake or without his knowledge.

Second, the act at issue here is similar to the charged offense. Indeed, possession of child erotica images is sufficiently similar to the production and possession of child pornography. *See United States v. Presley*, No. CR07-5058BHS, 2008 WL 189565, at *2 (W.D. Wash. Jan. 16, 2008) ("[T]he act of possessing child erotica is sufficiently similar to the act of possessing child pornography."). Third, Mr. Hanks does not appear to challenge that he owned the devices, and he does not otherwise dispute the sufficiency of the evidence connecting him with the images at issue. Fourth, the possession of the images is not remote in time. Regardless of when the images were created, it suffices that they were discovered on Mr. Hanks's devices around the time of his arrest. *See id.*

Finally, the probative value of the images is not substantially outweighed by their prejudicial effect. Again, the images are highly probative of Mr. Hanks's intent, knowledge, and motive and make it less likely any child pornography was possessed by accident. Moreover, because the jury will be exposed to graphic images of minor girls even without being shown the thumbnail images, the prejudicial effect of admitting the non-pornographic images at issue here is lessened. The Court will also provide a limiting instruction before the exhibits are published that is designed to prevent the jury from considering the evidence for improper purposes and reduce the prejudicial effect. *See* Ninth Circuit Model Criminal Jury Instruction 2.10.

In sum, the Court provisionally concludes (1) the non-pornographic images of minor girls, Exhibits 1033 and 1049, are admissible under Rule 404(b)(2) to prove intent, knowledge, motive, and absence of mistake or accident, and (2) the images are not unduly prejudicial or otherwise inadmissible under Rule 403.

## IV.  ORDER

**IT IS ORDERED that:**

1. The Motion in Limine: Objection to Government's Notice of Intent to Present Evidence Pursuant to Federal Rules of Evidence 404(b) (Dkt. 59) is **DENIED**.

DATED: July 29, 2024

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge